IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TAMRA I. HANSEN,<br><br>   Plaintiff,<br><br>v.<br><br>DARLA BLACK, ERIC SMITH, and UNITED STATES OF AMERICA,<br><br>   Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:13-cv-736-RJS-PMW<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Paul M. Warner |

  District Judge Robert J. Shelby referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court is Defendant United States of America's ("Defendant") motion for summary judgment.[2]  The court has carefully reviewed the written materials submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written materials.  *See* DUCivR 7-1(f).

  At the outset, the court notes that Plaintiff Tamra "Dolly" Hansen ("Plaintiff") is proceeding pro se in this case.  Consequently, the court will construe her pleadings liberally.  *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

---

[1] Docket no. 18.

[2] Docket no. 28.

## BACKGROUND

Plaintiff's operative amended complaint contains a single cause of action, wrongful levy against a third party – 26 U.S.C. § 7426.[3]  Plaintiff alleges that in the process of levying on Plaintiff's husband's property to satisfy part of significant unpaid federal income taxes, Defendant wrongfully took a Mercedes SLK 300 (the "Mercedes") that belonged to her.

Plaintiff is the wife of L. DeLynn Hansen.  Between 2004 and 2013, the Internal Revenue Service ("IRS") recorded Notices of Federal Tax Lien ("NFTLs") against Mr. Hansen in Utah County for unpaid taxes going back to 1998.  The total value of liens against Mr. Hansen recorded between 2004 and 2013 exceeded $350,000.  Plaintiff has been aware of the federal tax liens against her husband since at least 2005.[4]

In March 2011, Mr. Hansen used cash to purchase a Mercedes SLK 300.  In deposition testimony, discovery responses, and declarations, Plaintiff and Mr. Hansen stated that Mr. Hansen purchased the car as a Valentine's Day gift for Plaintiff.  *See, e.g.,* Docket no. 43-1, ¶¶ 1, 8 (T. Hansen Decl.) ("My husband handed me the brochure . . . and had written on the cover: 'Dolly, Happy Valentines Day! Enjoy your SLK 300.  Love ya! DeLynn'. . . . My husband wanted to do somethng extra special for me on Valentine's Day in 2011.  That's when he purchased a new car for me.") (errors in original); Docket no. 43-1, ¶ 4 (D. Hansen Decl.) ("February of 2011 I wanted to buy my wife a car as a present for Valentines Day. . . . We had told all the sales people we talked to that this was a present for my wife for Valentines Day.")

---

[3] Docket no. 35.

[4] Plaintiff testified at her deposition that she knew that there were federal tax liens against her husband.  Now, Plaintiff contends that she knew that there were tax liens against her husband, but that she did not know previously that they were *federal* tax liens.  To the extent this distinction is relevant, Plaintiff's last minute claim is disregarded pursuant to the sham affidavit rule, as discussed below.

(errors in original); Docket no. 38-5 at 12 (T. Hansen Dep. Tr.) ("[The people at the dealership] knew [Mr. Hansen] was buying it as a gift to me."); *id.* at 22 ( "He bought that for me as a gift."); Docket no. 38-6, p. 16 (D. Hansen Dep. Tr.) ("Q. Okay.  And you and Mrs. Hansen went down to the dealership at some point to look at the vehicle and do the necessaries? A. It was after Valentine's Day 2011 because that's when I surprised her that I would take and buy her a car there."); *id.* at 19 ("I told them from the beginning, this was a gift for my wife . . . ."). Plaintiff also submitted an affidavit from the car salesman stating that the Mercedes was a Valentine's Day gift to Plaintiff.  Docket no. 43-11 (Aff. of Jesse Green) ("Mr. DeLynn Hansen came in and purchased 2011 SLK 300 from us for his wife Dolly for Valentines [sic] day.").

Plaintiff expressly denies purchasing or paying for the Mercedes. *See* docket no. 38-7 at 6 ("3. Please identify the car dealership from which you purchased the Mercedes auto at issue in this matter. RESPONSE: I did not purchase the auto. . . ."); docket no. 43 at 10 ("It is undisputed that Plaintiff paid no money for the vehicle.").  At her deposition, Plaintiff could not recall specifically discussing the tax liens with the dealership at the time the Mercedes was purchased, but did recall discussing her husband's "tax problem" with the dealership: "I mean, we talked taxes, and he admitted he had a tax problem to them . . . ."[5]

Although Plaintiff contends it was due to an error by the dealership, the Mercedes was registered and titled in Mr. Hansen's name for two years.

The IRS began the process of levying Mr. Hansen's assets in 2012.  In association with these levies, notices were mailed to the Hansens' residence in 2012 notifying Mr. Hansen that all of his property and rights to property were subject to levy.  Shortly thereafter, Mr. Hansen

---

[5] Docket no. 38-5 at 13.

transferred title and registration of the Mercedes to Plaintiff.

On May 16, 2013 the IRS executed a Writ of Entry at the Hansen residence and seized Mr. Hansen's property, including the Mercedes.

On August 5, 2013, Plaintiff filed the underlying action; on April 10, 2014, Plaintiff filed the operative amended complaint. On April 24, 2014, Defendant filed the current motion for summary judgment on the basis that Plaintiff cannot establish one or more elements of her wrongful levy cause of action. Defendant also moves for summary judgment based on the affirmative defense of fraudulent transfer.

In opposing the current motion, "Plaintiff admits she paid no cash for the purchase of the vehicle, but [] submits that she is a 'purchaser' under 26 U.S.C. § 6323 . . . ."[6] Plaintiff asserts that she was a "purchaser" of the Mercedes because she and Mr. Hansen had been having marital problems:

> The taxpayer and Plaintiff had been experiencing marital difficulties at the time of the vehicle purchase, difficulties that continued through the date title was transferred into Plaintiffs name and through today. Plaintiff had threatened divorce prior to the taxpayer's purchase of the vehicle. (Plaintiff Decl.) The taxpayer's purchase of the vehicle for his wife, or the transfer of title to her name later, or both, constituted a valid, non-fraudulent exchange for value, with Plaintiffs claims against her husband losing value to the extent of the value she received from the conveyance of the vehicle to her.[7]

## **LEGAL STANDARDS**

Defendant moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is appropriate "if the pleadings, depositions, answers to

---

[6] Docket no. 43 at 5.

[7] *Id.* at 10.

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986); *Russillo v. Scarborough,* 935 F.2d 1167, 1170 (10th Cir. 1991); *Nelson v. Geringer,* 295 F.3d 1082, 1086 (10th Cir. 2002).

The moving party bears the initial burden of showing that there is an absence of any genuine issue of material fact. *Viktus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *Hicks v. City of Watonga,* 942 F.2d 737, 743 (10th Cir. 1991). Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that there are genuine issues for trial. *Viktus*, 11 F.3d at 1539; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir. 1991)). An issue of material fact is genuine where a reasonable jury could return a verdict for the party opposing summary judgment. *Seymour v. Shawver & Sons, Inc.,* 111 F.3d 794, 797 (10th Cir. 1997). To constitute a genuine factual dispute, there must be more than a scintilla of evidence that is significantly probative in establishing the fact. *Viktus*, 11 F.3d at 1539.

In applying the summary judgment standard, the court construes the factual record and reasonable inferences in the light most favorable to the party opposing summary judgment. *Jenkins v. Wood,* 81 F.3d 988, 990 (10th Cir. 1996); *Blue Circle Cement, Inc. v. Bd. of County Comm'rs.,* 27 F.3d 1499, 1503 (10th Cir. 1994); *Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.,* 938 F.2d 1105, 1110 (10th Cir. 1991).

On a motion for summary judgment, the Tenth Circuit has stated that "[w]e will disregard

a contrary affidavit . . . when it constitutes an attempt to create a sham fact issue." *Burns v. Bd. of Cnty. Comm'rs of Jackson Cnty.*, 330 F.3d 1275, 1282 (10th Cir. 2003). Factors for the Court to consider in determining whether an affidavit creates a sham fact issue include "whether the affiant was cross-examined during his earlier testimony, whether the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence, and whether the earlier testimony reflects confusion which the affidavit attempts to explain." *Id.*

For the district court to disregard an affidavit from consideration, the Court must "first determine whether the conflicting affidavit is simply an attempt to create a sham fact issue." *Id.* In doing so, courts can look at the timing in executing the affidavit. The filing of an affidavit on the same day as a memorandum in opposition to a motion for summary judgment places the moving party at a disadvantage, and deprives that party of any chance to pursue discovery on the subjects covered in the affidavit.

## ANALYSIS

### I. WRONGFUL LEVY

Defendant contends that Plaintiff cannot establish one or more elements of her wrongful levy cause of action, and thus Defendant is entitled to summary judgment.

26 U.S.C. § 7426 states:

> If a levy has been made on property or property has been sold pursuant to a levy, and any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action . . . .

26 C.F.R. § 301.7426-1(a) provides that a wrongful levy cause of action requires: "(A) That such person has an interest in, or lien on, such property which is senior to the interest of the

United States; and (B) That such property was wrongfully levied upon."

Plaintiff cannot establish the elements of her cause of action, and Defendant's motion for summary judgment should be granted.

### A.  First Element: Superior Interest in the Property

To prevail on her cause of action for wrongful levy, Plaintiff must be able to show that she "has an interest in, or lien on, such property which is *senior* to the interest of the United States."  26 C.F.R. § 301.7426-1(a) (emphasis added).  Plaintiff cannot show such an interest, and thus cannot establish a necessary element of her cause of action.

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."  26 U.S.C. § 6321; *see also* 26 U.S.C. § 6331(a) (providing for collection of unpaid taxes "by levy upon all property and rights to property . . . belonging to such person or on which there is a lien . . .").

"Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time."

"The language in §§ 6321 and 6331(a), this Court has observed, is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have."  *Drye v. United States*, 528 U.S. 49, 55-56 (1999) (internal citations omitted).

Here, it is undisputed that Defendant has liens on Mr. Hansen's property or right to property going back to at least 2004, well before Plaintiff's claim arose.  Moreover, Plaintiff was

aware of liens against her husband's property and property interests since at least 2005, and Plaintiff provides no evidence or argument regarding the superiority of her interest.

### B. Second Element: Wrongful Levy

To prevail on her cause of action for wrongful levy, Plaintiff must be able to show that the levy against the Mercedes was "wrongful." 26 C.F.R. § 301.7426-1(a). Plaintiff cannot do so, and thus cannot establish a necessary element of her cause of action.

To be wrongful, the levy must be "upon property in which the taxpayer had no interest at the time the lien arose or thereafter." 26 C.F.R. § 301.7426-1. "A levy is wrongful if it will or does effectively destroy . . . [an] interest in property which is *senior* to the federal tax lien." *Jefferson Bank & Trust v. United States*, 894 F.2d 1241, 1243 (10th Cir. 1990) (internal marks and citation omitted). Federal tax liens attach to all property and rights to property of the taxpayer on the date the lien arises. 26 U.S.C. §§ 6323(a)-(c). Tax liens attach to any property interest subsequently acquired by the taxpayer while the lien was in force. *Glass City Bank v. United States*, 326 U.S. 265, 267-68 (1945).

Here, it is undisputed that Defendant's tax liens arose years before the purchase of the Mercedes by Mr. Hansen. Defendant had a property interest in amounts paid or owed to Mr. Hansen from third parties, including the money that Mr. Hansen claims he obtained to purchase the Mercedes. Plaintiff offers no facts or argument that would establish that her interest was senior to that of Defendant's interest. Accordingly, she cannot establish that the levy was wrongful.

Plaintiff argues that she falls under the "purchaser" exception of 26 § U.S.C. 6323. Section 6323 provides protection for "purchasers" when the United States has not recorded tax

liens prior to the purchaser's acquisition of the property.  Based on the undisputed material facts and as a matter of law, the "purchaser" exception does not apply to Plaintiff.

First, there is no dispute that Plaintiff's claimed interest in the Mercedes arose years after the recordation of the NFTLs and years after Plaintiff admits she was aware of the tax liens.  On this basis alone, Plaintiff is not entitled to protection as a "purchaser" for purposes of the statute.

Second, Plaintiff does not qualify as a "purchaser" under Section 6323 because the Mercedes was a gift.  Under Section 6323, a "purchaser" is one "who, for adequate and full consideration in money or money's worth, acquires an interest (other than a lien or security interest) in property which is valid under local law against subsequent purchasers without actual notice."  "[E]xceptions permitted under § 6323 are carefully crafted and narrowly limited . . . ." *In re Nerland Oil, Inc.*, 303 F.3d 911, 920-21 (8th Cir. 2002).  A transferee who acquires her interest as a gift is not a purchaser for purposes of Section 6323.  *Huszagh v. D'Amico*, 846 F.Supp. 1352 (N.D. Ill. 1994).

Here, over and over, Plaintiff and Mr. Hansen have stated that the transfer was a Valentine's Day "gift."  Plaintiff attempts to avoid her prior testimony and extensive evidence by asserting in the opposition that the "adequate and full consideration in money or money's worth" used to purchase the car was the fact that the Hansens were going through marital problems and that Plaintiff might have divorced Mr. Hansen.  Neither the court nor the parties have found any case law that would support that this somehow constitutes "adequate and full consideration."  Regardless, this assertion directly contradicts repeated statements from Plaintiff and Mr. Hansen that the Mercedes was given as a grand romantic gesture, not as payment for Plaintiff's not divorcing Mr. Hansen.  The court finds that Plaintiff's argument is unsupported by any evidence

and is an attempt to manufacture a disputed fact to defeat the instant motion.

Finally, "once a lien has attached to an interest in property, the lien cannot be extinguished (assuming proper filing and the like) simply by a transfer or conveyance of the interest." *United States v. Rodgers*, 461 U.S. 677, 691 (1983). "[T]ransfer of the attached property 'does not affect the lien because no matter into whose hands the property goes, the property passes *cum onere*, or with the lien attached.'" *Russell v. United States*, 551 F.3d 1174, 1179 (10th Cir. 2008) (citation omitted). Mr. Hansen's transferring money either directly or through the gift of a vehicle does not affect or remove the lien.

Plaintiff cannot establish the elements of a wrongful levy cause of action. The United States' interest is clearly superior to Plaintiff's interest, and Plaintiff cannot establish that the levy was "wrongful" or that she was a "purchaser."

Finally, Plaintiff raises two additional issues to attempt to salvage her claim: (1) Plaintiff contends that Defendant could not levy Mr. Hansen's property because of an Offer in Compromise ("OIC") Mr. Hansen submitted to the IRS, and (2) Mr. Hansen supposedly has a pending administrative action. Neither issue is material or relevant.

A taxpayer's settlement offer is pending starting with the date an authorized IRS official signs the OIC (Form 656); mere submission of an OIC to the IRS does not mean that an OIC is "pending." *See United States v McGee*, 993 F.2d 184, 186 (9th Cir. 1983); *Randle v. United States,* 2000 WL 1739314 (C.D. Cal. Aug. 4, 2000); and *Hussein v. United States*, 1994 WL 48836 (S.D.N.Y.). Plaintiff provides no evidence that Mr. Hansen's OIC was "pending" with the IRS, not merely submitted, at the time of the levy. To the contrary, the copy of Mr. Hansen's OIC submitted with Plaintiff's opposition papers itself states: "The offer is pending starting the

date an authorized IRS official *signs the form*."[8]  The only IRS signature on Mr. Hansen's OIC is dated June 26, 2013, more than a month after the levy on the Mercedes.  Plaintiff also provides no actual evidence of a pending administrative action by Mr. Hansen, and the IRS denies being aware of any such action.

Regardless, these arguments are irrelevant to Plaintiff's cause of action.  To the extent these claims are legitimate and actionable—issues not before the court here—Mr. Hansen, not Plaintiff, would have to assert them.  *See Aspinall v. United States*, 984 F.2d 355, 358 (10th Cir. 1993); *Valley Fin., Inc. v. United States*, 629 F.2d 162, 168 (D.C. Cir. 1980).

Plaintiff cannot establish either of the elements of her wrongful levy cause of action, and thus Defendant is entitled to summary judgment.

## II.  AFFIRMATIVE DEFENSE: FRAUDULENT TRANSFER

In addition, Defendant asserts as an affirmative defense fraudulent transfer under Utah's Uniform Fraudulent Transfer Act ("UFTA").  Utah Code § 25-6-6 provides:

> (1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if:
> (a) the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation; and
> (b) the debtor was insolvent at the time or became insolvent as a result of the transfer or obligation.

A debtor's transfer of property without "reasonably equivalent value in exchange" while the debtor is insolvent or which causes the debtor to become insolvent is deemed fraudulent as a matter of law.  Utah Code Ann. § 25-6-6. The debtor is "insolvent" for purposes of the Uniform Fraudulent Transfer Act "if the sum of the debtor's debts is greater than all of the debtor's

---

[8] Docket no. 43-9 at 3-4 (emphasis added).

assets" at fair valuation.  Utah Code Ann. § 25-6-3.

At all relevant times, Mr. Hansen was a debtor to Defendant.  The undisputed material facts establish that Mr. Hansen's debts were far greater than Mr. Hansen's assets at the time he purportedly transferred the Mercedes to Plaintiff.  As discussed above, the Mercedes was a clearly a gift, and Plaintiff cannot establish "reasonably equivalent value in exchange for the transfer or obligation."  As discussed above, Plaintiff cannot establish the elements of her wrongful levy cause of action.  However, even if she could, Defendant would properly be able to assert as an affirmative defense that the transfer was fraudulent under the UFTA.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Defendant's motion for summary judgment be **GRANTED**.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The parties must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 13th day of March, 2015.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge